IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIRK ALEXANDER VASQUEZ,

        Plaintiff,

    v.

MARION COUNTY JAIL, MARION
COUNTYHEALTH – MEDICAL,
DEPUTY DOUGLAS, DEPUTY FELIX,
DEPUTY DURKENS, COMMANDER
RAMSEY, DEPUTY JOHN AND JANE
DOES,

        Defendants.

Case No. 6:25-cv-01992-AB

OPINION & ORDER

**Baggio, District Judge:**

Plaintiff Kirk Alexander Vasquez ("Plaintiff"), appearing *pro se*, brings this 42 U.S.C. §

1983 action alleging that Defendants violated his constitutional rights while he was as a pretrial

detainee at the Marion County Jail. *See generally* Compl. (ECF No. 2). Before this Court are two

motions: 1) Defendants Marion County Jail, Marion County Health-Medical, and Marion County

Jail Commander Ramsey Motion to Dismiss the Complaint for failure to state a claim, Defs' Mot.

Dismiss (ECF No. 10); and 2) Defendants Felix, Douglass (misidentified as Douglas), and Derksen

(misidentified as Durkens) Motion for Summary Judgment, Defs' Mot. Summ. J. (ECF No. 12).

For the reasons that follow, Defendants' Motions are GRANTED.

1    - OPINION & ORDER

**BACKGROUND**

In his Complaint, Plaintiff details a series of events in which he alleges his constitutional rights have been violated:

On June 12, 2024, Plaintiff alleges that Jail staff used excessive force against him and injured his right shoulder. Compl. at 7. During this incident, unidentified deputies slammed Plaintiff's head and face against the wall three times and grabbed his neck while handcuffed. *Id*. He states he was "fully cooperating," and told the unidentified deputies that they were hurting him, but they ignored him. *Id*. at 7, 9.

On June 19, 2024, after a suicide attempt, Plaintiff alleges that Defendant Deputy Felix placed him in segregation without due process. Compl. at 7, 9.

On October 3, 2024, Plaintiff slipped and fell on "wet floor without any warning or cautionary signs," injuring his left knee, groin and lower back. Compl. at 7. Defendant Deputy Douglass allegedly denied Plaintiff medical attention for several hours. *Id*.

On November 17, 2024, Defendant Deputy Derksen moved Plaintiff to a cell upstairs and allegedly denied him "bottom bunk/bottom tier" status despite Plaintiff's torn ACL and injured groin and lower back. Compl. at 8. On November 19, Plaintiff attempted to go downstairs and fell "down the entire set of stairs, hitting my ribs on railing, twisting my body as I fell, and landing flat on my back on solid concrete. . . ." *Id*. Plaintiff further injured his knee, back, chipped his front tooth, defecated, and required a wheelchair for more than six months. *Id*. at 8, 9.

Finally, Plaintiff alleges that Defendant Marion County Jail Commander Ramsey has subjected inmates at the Jail to unreasonable and excessive lockdowns due to "lack of staff" or "facility needs." Compl. at 9-10. The lockdowns have made Plaintiff feel severely depressed, caused him chronic pain and permanently damaged his mental health. *Id*.

## LEGAL STANDARDS

### 1. Section 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Therefore, "[t]o state a claim under [Section 1983], the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

### 2. Failure to State a Claim

To state a claim upon which relief may be granted, a plaintiff must allege facts that give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A Rule 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). To survive a Rule 12(b)(6) motion, "the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. 570).

In evaluating a motion to dismiss, the court must accept all well-pleaded material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). In civil actions brought by a *pro se* plaintiff, the court construes the pleadings liberally. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008).

### 3. Summary Judgment

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Anderson*, 477 U.S. at 249.

An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id*. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

### **DISCUSSION**

### 1. Defendants' Motion to Dismiss

In their Motion, Defendants argue that Plaintiff fails to state a claim against Marion County Jail and Marion County Health-Medical because Plaintiff does not allege that an official policy or custom caused a constitutional violation. Defs' Mot. Dismiss at 3. Defendants also argue that they were denied a short and plain statement of their alleged involvement. *Id*. Finally, Defendants argue

4    - OPINION & ORDER

that Plaintiff cannot hold Ramsey responsible for any alleged violation by way of vicarious liability. *Id*. Plaintiff did not respond to Defendants' Motion to Dismiss.

### a.   Marion County Jail and Marion County Health-Medical

Plaintiff names the Marion County Jail and Marion County Health-Medical as Defendants in this action. The Court notes that these Defendants are not separate legal entities from Marion County, and it is assumed that Plaintiff meant to name Marion County as the Defendant here.

In order to state a claim against a local government entity, or establish municipality liability, a plaintiff must ordinarily show that the deprivation of his rights occurred as a result of an official policy or custom, *see Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978), or that the municipality ratified the unlawful conduct, *see Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). In his Complaint, Plaintiff makes no such allegations. *See, generally,* Compl. Defendants' Motion to Dismiss to Dismiss is therefore GRANTED and Defendants Marion County Jail and Marion County Health-Medical are dismissed from the case.

### b.   Marion County Jail Commander Jacob Ramsey

In his Complaint, Plaintiff alleges that he was subjected to unconstitutional conditions of confinement due to excessive lockdowns at the Jail, and that Marion County Jail Commander Jacob Ramsey is "the one in charge of all the lockdowns." Compl. at 10.

"Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To the extent that Plaintiff seeks to hold Ramsey liable for the alleged excessive lockdowns based solely on his role as Jail Commander, he cannot do so. *Monell*, 436 U.S. at 691-94 (no *respondeat superior* liability in 1983 claims). Rather, supervisory liability exists only if the supervisor is personally involved in the constitutional deprivation or if there is "a sufficient causal

5    - OPINION & ORDER

connection between the supervisor's wrongful conduct and the constitutional violation" alleged. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Plaintiff's assertion that Ramsey is "in charge" of the lockdowns is insufficient to establish supervisory liability. Accordingly, Defendants' Motion to Dismiss is GRANTED in its entirety. Defendant Marion County Jail Commander Jacob Ramsey is dismissed from the case.

### 2. Defendants' Motion for Summary Judgment

In their Motion, Defendants argue Felix, Douglass and Derksen are entitled to summary judgment because Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Defs' Mot. Summ. J. at 4-5. Additionally, Defendants argue that Derksen and Douglass are entitled to summary judgment as to Plaintiff's medical care claims asserted against them. *Id*. at 5-6. Plaintiff did not respond to Defendants' Motion for Summary Judgment.

#### a.   Failure to Exhaust Administrative Remedies

Under the PLRA, incarcerated plaintiffs must exhaust all administrative remedies available to them within the institutions where they are housed before they may bring any federal action challenging prison conditions under 42 U.S.C. § 1983:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). By requiring exhaustion, the PLRA gives prison officials a "fair opportunity to correct their own errors" and creates an administrative record for grievances that may become the subject of federal court complaints. *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006). For purposes of the PLRA, actions brought "with respect to prison conditions" include all actions brought to challenge isolated episodes of unconstitutional or otherwise unlawful misconduct of any kind, as

6    - OPINION & ORDER

well as prisoner petitions challenging conditions. *See Porter v. Nitssle*, 534 U.S. 516, 532 (2002). Under the PLRA, the Court lacks discretion to consider claims challenging prison conditions unless a plaintiff has first completely exhausted available administrative remedies before filing the action in federal court. *See id*. at 524.

Because exhaustion of remedies is an affirmative defense, the plaintiff is not required to plead or demonstrate exhaustion before bringing an action challenging prison conditions. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, the defendant has the burden of raising and proving that an incarcerated plaintiff failed to satisfy the PLRA's exhaustion requirement. *See id*.

    b.  Analysis

Plaintiff checked a box on his Complaint indicating that he exhausted administrative remedies. Compl. at 5. He also states in his Complaint that he filed a grievance regarding the October 3rd incident involving Douglass. *Id*. at 7. Defendants have presented evidence that Plaintiff failed to exhaust his administrative remedies: the Marion County Jail record management system shows that Plaintiff did not submit any grievances against Felix or Douglass, and that Plaintiff did not complete the grievance process, including filing an appeal to the Jail Commander, for the grievances he submitted against Derksen. *See* Felix Decl. at 1, Douglass Decl. at 2, Derksen Decl. at 2, Davis Decl. at 2 (ECF Nos. 13-16).

Where, as here, a defendant shows that a plaintiff failed to exhaust available administrative remedies, the plaintiff must come forward with evidence that administrative remedies were "effectively unavailable." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). This burden is met when the plaintiff shows that he or she took "reasonable and appropriate steps" to pursue administrative remedies, but prison officials nonetheless interfered with the plaintiff's attempts to

7   - OPINION & ORDER

exhaust or failed to follow correct grievance protocol. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010). As noted, Plaintiff did not respond to Defendants' Motion.

Accordingly, Defendants' Motion for Summary Judgment is GRANTED. Because the Court is granting Defendants' Motion on exhaustion grounds, the dismissal is without prejudice. The Court declines to address Defendants' argument regarding the merits of Plaintiff's claims.

### 3. Failure to Name the Doe Defendants

The only remaining Defendants are John and Jane Doe. The deadline to amend the pleadings, and the discovery deadline have long since passed without Plaintiff filing anything to indicate that he has ascertained the true name of the Doe Defendants. Counsel for Marion County declined to waive service on behalf of the Doe Defendants, *see* Waiver at 2 (ECF No. 8), and Plaintiff has not served the Doe Defendants pursuant to Rule 4(m). Accordingly, the Court dismisses John and Jane Doe as Defendants for Plaintiff's failure to identify them or to effect service of process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

## <u>CONCLUSION</u>

Defendants' Motion to Dismiss (ECF No. 10) is GRANTED. Defendants Marion County Jail, Marion County Health-Medical and Marion County Jail Commander Jacob Ramsey are dismissed as Defendants.

Defendants' Motion for Summary Judgment (ECF No. 12) is GRANTED. Claims against Defendants Deputy Sheriffs Erica Felix, Erik Douglass (misidentified as Douglas), and Lindsey Derksen (misidentified as Durkens) are dismissed, without prejudice, for Plaintiff's failure to exhaust administrative remedies.

8    - OPINION & ORDER

Defendants John and Jane Doe are *sua sponte* dismissed as Defendants for Plaintiff's failure to identify them or to effect service of process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint (ECF No. 2) is dismissed.

IT IS SO ORDERED.

07/28/2026
    DATE

Amy M. Baggio
United States District Judge

9    - OPINION & ORDER